UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| AMY TIPTON, ) | |
| ) | Case No. 1:16-cv-299 |
| *Plaintiff*, ) | |
| ) | Judge Travis R. McDonough |
| v. ) | |
| ) | Magistrate Judge Christopher H. Steger |
| CORIZON JEREMY, ) | |
| ) | |
| *Defendant*. ) | |

**MEMORANDUM AND ORDER**

Acting pro se, Amy Tipton, an inmate confined in the Bledsoe County Correctional Complex, has submitted this civil rights complaint for damages under 42 U.S.C. § 1983 (Doc. 1), as well as an application for leave to proceed without payment of fees or costs (Doc. 3).

**I.    The Filing Fee**

Plaintiff's application to proceed without prepayment of fees (Doc. ) is **GRANTED**. Nonetheless, because Plaintiff is an inmate, she is **ASSESSED** the filing fee of three hundred and fifty dollars ($350). *McGore v. Wrigglesworth*, 114 F.3d 601, 607 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). The custodian of Plaintiff's inmate trust account at the institution where she now resides shall submit, as an initial partial payment, whichever is the greater of: (a) twenty percent (20%) of the average monthly deposits to Plaintiff's inmate trust account; or (b) twenty percent (20%) of the average monthly balance in her inmate trust account for the six-month period preceding the filing of the complaint. 28 U.S.C. § 1915(b)(1)(A) and (B). Thereafter, the trust account custodian shall submit twenty percent (20%) of Plaintiff's preceding monthly income (or income credited to his trust account

for the preceding month), but only when such monthly income exceeds $10.00, until the full filing fee of $350 has been paid to the Clerk's Office. *McGore,* 114 F.3d at 607.

Payments should be sent to: Clerk, USDC; 900 Georgia Avenue, Room 309; Chattanooga, TN 37402. To ensure compliance with the fee-collection procedure, the Clerk is **DIRECTED** to mail a copy of this order to the custodian of inmate accounts at the institution where Plaintiff is now confined. The Clerk is also **DIRECTED** to furnish a copy of this order to the Court's financial deputy. This order shall be placed in Plaintiff's prison file and follow her if she is transferred to another correctional institution.

## II.     Screening the Complaint

Under the PLRA, district courts must screen prisoner complaints and *sua sponte* dismiss those that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See, e.g.*, *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999).

In screening this complaint, the Court bears in mind that pro se pleadings filed in civil rights cases must be liberally construed and held to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Still, the pleading must be sufficient "to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), which simply means that the factual content pled by a plaintiff must permit a court "to draw the reasonable inference that the defendant is liable for the misconduct alleged," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

The "facial plausibility" standard does not require "detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id*. at 678 (citations and internal quotation marks omitted). The standard articulated in *Twombly* and *Iqbal*

2

"governs dismissals for failure to state a claim under [28 U.S.C. §§ 1915(e)(2) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010).

### III. Plaintiff's Factual Allegations

In general, Plaintiff asserts that Defendant provided inadequate medical treatment on two separate occasions. First, Plaintiff claims that on February 18, 2016, at 1:00 a.m., she informed Officer Young that her colostomy bag "busted." (Doc. 1, at 4.) Officer Young then relayed the information to Corporal Byrd, who notified Defendant, Nurse Jeremy, of Plaintiff's need for medical attention. (*Id*.) Plaintiff claims she was not provided with "new supplies" until over an hour and a half after she initially informed Officer Young of her situation. (*Id*.) During her wait to receive new supplies, Plaintiff asked Officer Young "every 5 to 10 minutes" to "find out where the nurse was at." (*Id*.) Plaintiff never saw the nurse; instead, the nurse gave the officer on duty the supplies to give to Plaintiff. (*Id*.)

Then, on February 23, 2016, Plaintiff's colostomy bag "busted" at 4:30 a.m. (*Id*. at 2.) Again, Plaintiff informed Officer Young of her broken bag. (*Id*.) Again, Officer Young relayed the information to Corporal Byrd, who notified Defendant, Nurse Jeremey. (*Id*.) Nurse Jeremey told Plaintiff to wait for medical assistance "until 6:00 a.m. for the nurse to get [there]." (*Id*.) At 5:00 a.m., while on her way to shakedown, Plaintiff saw Nurse Connie and told her about her broken bag. (*Id*.) Thereafter, Nurse Connie provided Plaintiff with her requested supplies. (*Id*.)

As a result of the two described instances in which Plaintiff suffered from a broke colostomy bag, Plaintiff requests restitution for pain and suffering. (*Id*. at 6.)

**IV.    Analysis**

The Eighth Amendment forbids prison officials from "unnecessarily and wantonly inflicting pain" on an inmate by acting with "deliberate indifference" toward the inmate's serious medical needs. *Estelle v. Gamble,* 429 U.S. 97 (1976).  Prison medical personnel or officials may be deliberately indifferent to a prisoner's serious medical needs "in intentionally denying or delaying access to medical care ...." *Estelle,* 429 U.S. at 104.

Under the *Estelle* standard, a constitutional claim for denial of medical care has objective and subjective components.  *Blackmore v. Kalamazoo Cnty.*, 390 F.3d 890, 895 (6th Cir. 2004).  The objective component requires proof the inmate is suffering from a sufficiently serious medical need, such that "he [was] incarcerated under conditions posing a substantial risk of serious harm." *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000) (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)).  To be sufficiently serious, the medical need must be either (1) obvious to a layperson or (2) supported by medical evidence, like a physician's diagnosis. *Farmer*, 511 U.S. at 834 (citing *Wilson v. Seiter*, 501 U.S. 294, 297–98 (1991)); *Aswegan v. Henry*, 49 F.3d 461, 464 (8th Cir. 1995).  The subjective component requires proof that the prison official acted with deliberate indifference. *Carter v. City of Detroit*, 408 F.3d 305, 312 (6th Cir. 2005), *abrogated on other grounds in Pearson v. Callahan*, 555 U.S. 223 (2009).  Deliberate indifference "entails something more than mere negligence," *Farmer,* 511 U.S. at 835, but can be "satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Id.*  Under *Farmer,* "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837; *see also LeMarbe v. Wisneski,* 266 F.3d 429, 435 (6th Cir.2001).  "Knowledge of the asserted serious needs or of circumstances

4

clearly indicating the existence of such needs, is essential to a finding of deliberate indifference." *Horn v. Madison County Fiscal Court,* 22 F.3d 653, 660 (6th Cir.1994).

As the Supreme Court has held, the test for deliberate indifference is whether there exists a "*substantial risk* of serious harm," *Farmer,* 511 U.S. at 837 (emphasis added), and does not require actual harm to be suffered. *See also Smith v. Carpenter,* 316 F.3d 178, 189 n. 15 (2d Cir.2003) (observing that "actual physical injury is not necessary in order to demonstrate an Eighth Amendment violation" and declining to adopt a *per se* rule that such injury is required) (citing in part *Helling v. McKinney,* 509 U.S. 25, 35 (1993)).

Here, Plaintiff complains that she was not provided medical care as quickly as she wished. Plaintiff was suffering from a broken colostomy bag. A jury could find that Plaintiff's condition amounted to an obvious medical need. However, as noted, even where a prisoner alleging a delay in medical treatment offers evidence to show that he had an obvious injury, there is one additional showing to be made. He must also demonstrate that his need for medical care was not addressed in a reasonable time. *Blackmore*, 390 F.3d at 899-900; *Hubbard*, 2006 WL 2787004, at *5 (citing *Blackmore).*

The Court's research has revealed no Sixth Circuit case which establishes what is a reasonable length of time within which to provide medical care for a prisoner's obvious, serious injury. *Frazier v. Ramsey*, No. 2:04-CV-265, 2006 WL 2981217, at *4 (E.D. Tenn. Oct. 16, 2006). A reasonable time to delay medical care for a serious medical need depends upon the circumstances in a given case. *Id*.

The Court does not find that the delay in treatment of one and one-half hour in the first complained-of incident and one-half hour in the second complaint of incident posed a substantial risk of serious harm to Plaintiff. The Court finds that Plaintiff was provided with her requested

5

supplies to fix her broken colostomy bag within a reasonable time, thus, Plaintiff has failed to establish the subjective component necessary to show a constitutional violation.

**V.      Conclusion**

For the above reasons, the Court finds Plaintiff's motion to proceed *in forma pauperis* (Doc. 3) is **GRANTED**. However, the Court further finds that Plaintiff does not allege any facts that rise to a constitutional violation due to delayed medical treatment. Thus, Plaintiff has failed to state any valid § 1983 claim against Defendant and her Complaint will be **DISMISSED**.

**AN APPROPRIATE ORDER WILL FOLLOW.**

*/s/ Travis R. McDonough*
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**